IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MONARE MOORE,

      Plaintiff,

      v.                               CASE NO. 24-3117-JWL

DONALD HUDSON,
et al.,

      Defendants.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Monare Moore is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter Before the Court

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Although Plaintiff is currently incarcerated at Pekin-FCI in Pekin, Illinois, his claims arose during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"), formerly named USP Leavenworth ("USPL"). The Court grants Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3).

Plaintiff alleges that his Eighth Amendment rights were violated at FCIL. He claims that on February 12, 2023, he was admitted to the SHU under investigation, and was placed in a dirty cell. (Doc. 1, at 8.) Plaintiff alleges that the cell contained black mold, dust, discarded food, urine, fecal matter, and insects. *Id*. Plaintiff's requests for cleaning supplies were ignored by staff. *Id*. Plaintiff asked to speak to a lieutenant and asked for administrative remedy forms, but his requests were denied. *Id*. Plaintiff alleges that throughout the week, he experienced a

1

decreased sense of smell, difficulty breathing, shortness of breath, headaches, dizziness, nausea, sneezing, a runny nose, post nasal drip, and extreme anxiety and depression. *Id*.

Plaintiff alleges that on March 2, 2023, he was finally able to fill out a sick-call request, and Nurse Troll acknowledged Plaintiff's symptoms and told him to drink water. *Id*. at 9. Plaintiff alleges that Nurse Troll "lied" by telling Plaintiff he would be seen soon, and no follow-up occurred. *Id*.

Plaintiff alleges that he was finally provided an administrative remedy form on April 3, 2023. *Id*. Plaintiff alleges that a week later the Unit Manager received Plaintiff's remedy request and advised Plaintiff that it would be processed "the Leavenworth way." *Id*. Plaintiff understood this to mean it would be discarded. *Id*. Plaintiff alleges that he filed another BP-9 after the first one was lost, and the Unit Manager said he would look into Plaintiff's claims that acknowledgement receipts were not received and that he was not allowed to be seen by medical. *Id*. Plaintiff alleges that the Unit Manager never looked into the matter. *Id*. Plaintiff sets forth his attempts to file grievances and alleges that none of his requests were being processed. *Id*. at 11. Plaintiff alleges that he was subjected to cruel and unusual punishment for approximately 270 days before he was transferred from FCIL. *Id*.

Plaintiff names as defendants: Donald Hudson,[1] FCIL Warden; (fnu) Van Teary, FCIL Correctional Officer ("CO"); (fnu) Walker, FCIL CO; (fnu) Rockhold, FCIL CO; (fnu) Harvey, FCIL CO; (fnu) Troll, RN at FCIL; (fnu) Donahue, FCIL CO; and (fnu) Umbara, FCIL CO. Plaintiff seeks compensatory damages and declaratory relief. *Id*. at 6–7.

**II. Statutory Screening**

The Court is required to screen complaints brought by prisoners seeking relief against a

---

[1] The Court notes that Donald Hudson is no longer the warden at FCIL. The new warden will be substituted as defendant if the case survives screening.

governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round

3

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

Plaintiff has not shown that a *Bivens* remedy is available for his claims. The Tenth Circuit recently noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024). The Tenth Circuit in *Logsdon* found that:

> Without explicitly overruling its three acknowledged precedents, the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped

4

> to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022). And the circumstances in which the answer to the question is "no" appears to comprise a null set. *See id.* at 503, 142 S. Ct. 1793. (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation."); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances." (quoting *Egbert*, 596 U.S. at 491, 142 S. Ct. 1793) (citation omitted)). The Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action. *See Egbert,* 596 U.S. at 503, 142 S. Ct. 1793 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself.").
>
> And, perhaps even more striking, the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent. Thus, in *Egbert* itself the Court considered an excessive-force claim, similar to the one in *Bivens*, against a federal officer. *See Egbert*, 596 U.S. at 495, 142 S. Ct. 1793 ("*Bivens* and this case do involve similar allegations of excessive force and thus arguably present almost parallel circumstances or a similar mechanism of injury." (internal quotation marks omitted)). But it held that the court of appeals erred by recognizing a cause of action under *Bivens*, distinguishing *Bivens* based on facts that have no bearing on the elements of an excessive-force claim: the incident arose in the "border-security context," and Congress had created remedies for misconduct by government agents. *See id.* at 494, 142 S. Ct. 1793. Given such hurdles placed in the way of a *Bivens* cause of action, Mr. Logsdon has no claim.

*Id*. at 1355–56.

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy." *Id*. at 1359. "If there

5

are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id*. (quoting *Egbert*, 596 U.S. at 493). The Tenth Circuit quoted *Egbert* as follows:

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498, 142 S. Ct. 1793 (internal quotation marks omitted).

*Id*.

In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program "ARP" was adequate. *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3 (10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.' " *Silva*, 45 F.4th at 1141 (citation omitted). The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,' . . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose

6

Plaintiff's *Bivens* claim." *Id*. (citing *Egbert*, 142 S. Ct. at 1806 (quoting *Malesko*, 534 U.S. at 71, 122 S. Ct. 515)).

Based on the reasoning set forth in the recent Tenth Circuit opinions cited above, the Court finds that Plaintiff fails to state a claim for relief under *Bivens*. Plaintiff's request for declaratory relief, as well an any claim for injunctive relief, would be moot because he is no longer incarcerated at FCIL. "A claim for declaratory relief that does not 'settl[e] . . . some dispute which affects the behavior of the defendant toward the plaintiff' is moot, *Rio Grande Silvery Minnow*, 601 F.3d at 1110 (quotations omitted), because it fails to 'seek[] more than a retrospective opinion that [the plaintiff] was wrongly harmed by the defendant[.]" *Prison Legal News v. Federal Bureau of Prisons*, 944 F.3d 868, 880 (10th Cir. 2019) (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1025 (10th Cir. 2011)); *see also Church v. Polis*, 2022 WL 200661, at *4 (10th Cir. Jan. 24, 2022) ("But declaratory-judgment claims become moot if circumstances change such that the defendants are not 'actually situated to have their future conduct toward the plaintiff altered by the court's declaration of rights.'") (citation omitted).

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is **granted.** The Court assesses an initial partial filing fee of $41.70, calculated under 28 U.S.C. § 1915(b)(1). Plaintiff is granted to and including **August 16, 2024**, to submit the fee. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fee as directed may result in the dismissal of this

matter without further notice. Plaintiff remains obligated to pay the remainder of the $350.00 filing fee. The agency having custody of Plaintiff shall forward payments from Plaintiff's account in installments calculated under 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to Plaintiff, to the finance office at the institution where Plaintiff is currently confined, and to the Court's finance office.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 3, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated August 2, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**